IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | ) | No. C 13-5406 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| WARDEN GROUNDS, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. For the reasons stated below, the court dismisses the complaint for failure to state a claim.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
P:\PRO-SE\LHK\CR.13\Jones406disftsc.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff claims that he was housed at Salinas Valley State Prison in November 2012. On November 21 and November 22, 2012, plaintiff's cell flooded. The flood appeared to originate from a chase located between two cells. On December 7, 2012, as plaintiff was getting out of bed, plaintiff slipped and fell on to the floor because the floor was wet. Plaintiff asserts that his cell flooded several times in November and December, and although complaints were made to maintenance, maintenance did not repair the plumbing in a timely manner, and plaintiff ended up injuring himself by slipping on the wet floor.

The Eighth Amendment's prohibition of "cruel and unusual punishments" imposes a duty on prison officials to, among other things, "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *See Farmer*, 511 U.S. at 834. The test for deliberate indifference is the same as criminal recklessness, i.e., the official must actually know of and disregard an excessive risk to inmate safety. *See id.* at 837. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Neither negligence nor gross negligence constitutes deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even with liberal construction, the complaint does not state a claim for an Eighth Amendment violation. Claims regarding slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122,

1130-31 (9th Cir. 2000); *see, e.g.*, *McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished opinion) (concluding that prisoner's slip and fall on accumulated water from leaky air conditioning unit, which the defendants knew about and failed to clean up was an appropriate action for negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although prisoner complained for two months about accumulated water in the shower, and finally sustained injuries from the slippery floor, "while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large" and is not a sufficiently serious risk of constitutional dimension); *Brown v. Basher*, No. 10-0479 MCE EFB, 2012 WL 639446 (E.D. Cal. Feb. 27, 2012) (granting defendants' motion for summary judgment against a mobility impaired prisoner who ambulated with a cane and slipped and fell on puddle, created by a water leak, concluding that even though defendants knew about the puddle, the claim was one of negligence rather than deliberate indifference); *Gilman v. Woodford*, No. 05-0337, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaking ceiling, of which defendants knew); *Edwards v. City of New York*, No. 08-5787, 2009 WL 2596595 (S.D.N.Y. Aug. 24, 2009) (courts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it."); *Vines v. Hepp*, No. 07-956, 2007 WL 3342583 (E.D. Wis. Nov. 8, 2007) (finding accumulated puddles of water in shower not objectively serious condition sufficient to implicate Eighth Amendment); *Santiago v. Guarini*, No. 03-4375, 2004 WL 2137822 (E.D. Pa. 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety, and was not objectively serious conditions) *Robinson v. Cuyler*, 511 F.Supp. 161, 163 (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual punishments.'" (citation omitted)). Instead, to state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective

measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard does not violate the Eighth Amendment but allegations of conditions which "exacerbate[] the inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide for his own safety" are sufficient to state a cognizable claim for relief (internal quotations, brackets and citation omitted)).

Here, plaintiff states that his cell flooded several times in November and December 2012. Defendants informed the inmates that requests for work orders had been placed, and in the meantime, defendants allowed inmates out of their cells so that the water could be pushed out of the cells on several occasions. Plaintiff alleges no other facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action. Plaintiff's claim against defendants therefore does not state a constitutional violation. *See, e.g.*, *Aaronian v. Fresno County Jail*, No. 10-0518 JLT (PC), 2010 WL 5232969 at *2-*3 (E.D. Cal. 2010) (allegation that plumbing leak caused pool of water resulting in plaintiff slipping and falling does not raise cognizable conditions of confinement claim); *Wallace v. Haythorne*, No. 06-1697 MCE GGH P, 2007 WL 3010755, at *2-*4 (E.D. Cal. 2007) (finding no Eighth Amendment violation when prisoner fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants were aware that a non-prisoner employee had previously tripped on one of the holes)

District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (recognizing that leave to amend is not necessary when plaintiff can provide no set of facts in support of his claim that would entitle him to relief) (citations and internal quotation marks omitted). Here, leave to amend will not be granted because the complaint well describes the incident, and it simply does not amount to deliberate indifference to a risk to the inmate's safety. This is not to say that the

inmate was not hurt, as his allegations imply that he was. Rather, as *Osolinski*, 92 F.3d at 936-37, observed, not every injury translates into constitutional liability for prison officials. This is such a case.

**CONCLUSION**

Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: 3/24/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\LHK\CR.13\Jones406disftsc.wpd          5