IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | ) | No. C 13-5406 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT; RE-OPENING CASE; ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| WARDEN GROUNDS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 24, 2014, the court screened plaintiff's complaint and dismissed it for failure to state a claim. On April 8, 2014, plaintiff filed an objection to the order of dismissal. The court construes plaintiff's objection as a motion to alter or amend the judgment. So construed, plaintiff's motion is GRANTED for the reasons stated below.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

1  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law.  *See West v.*
6  *Atkins*, 487 U.S. 42, 48 (1988).
7  B.    <u>Legal Claims</u>
8        Plaintiff was housed at Salinas Valley State Prison in November 2012.  Plaintiff asserted
9  that his cell flooded several times in November and December, and although complaints were
10  made, maintenance did not repair the plumbing in a timely manner, and plaintiff ended up
11  injuring himself by slipping on the wet floor.
12        The court initially dismissed plaintiff's complaint because claims regarding slippery
13  floors, without more, "do not state even an arguable claim for cruel and unusual punishment."
14  *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds*
15  *as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  To state a cognizable claim
16  for relief, there must be a confluence of exacerbating conditions such that the slippery floor
17  posed a serious, unavoidable threat to plaintiff's safety.  *See Frost v. Agnos*, 152 F.3d 1124, 1129
18  (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to
19  warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such
20  conditions); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (a single, minor safety hazard
21  does not violate the Eighth Amendment but allegations of conditions which "exacerbate[] the
22  inherent dangerousness of already-existing hazards" or "render[] [an inmate] unable to provide
23  for his own safety" are sufficient to state a cognizable claim for relief (internal quotations,
24  brackets and citation omitted)).
25        A motion to alter or amend judgment under Rule 59 must be made no later than twenty-
26  eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009).  A Rule
27  59(e) motion may be granted if the movant demonstrates that the motion is necessary to correct
28  manifest errors of fact upon which the judgment is based.  Here, in plaintiff's motion, plaintiff

1  states for the first time that he is mobility impaired and requires a cane to ambulate. Plaintiff
2  implies that his mobility exacerbated the dangerous condition of the slippery floor. With this
3  additional fact, liberally construed, plaintiff has stated a cognizable claim that prison officials
4  were deliberately indifferent to plaintiff's safety needs.

5  However, plaintiff has failed to establish legal liability of each named defendant for the
6  claimed violation of his rights. Liability may be imposed on an individual defendant under
7  section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a
8  federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person
9  deprives another of a constitutional right within the meaning of section 1983 if he does an
10  affirmative act, participates in another's affirmative act or omits to perform an act which he is
11  legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at
12  633. Plaintiff will be given an opportunity to file an amended complaint to establish legal
13  liability of the defendants. Plaintiff should be mindful that a complaint containing only
14  sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as
15  to each individual defendant's" deprivation of protected rights. *Id.* at 634.

16  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's
17  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
18  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
19  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
20  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint
21  should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible
22  on its face." *Id.* at 570.

23  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will
24  be provided with thirty days in which to correct the deficiencies as stated above.

25  **CONCLUSION**

26  1.  Plaintiff's motion to alter or amend the judgment is GRANTED. The clerk shall
27  RE-OPEN this case. Plaintiff's complaint is DISMISSED with leave to amend.
28  2.  If Plaintiff can cure the pleading deficiencies described above, he shall file an

1  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
2  complaint must include the caption and civil case number used in this order (C 13-5406 LHK
3  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must
4  indicate which specific, named defendant(s) was involved in each cause of action, what each
5  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
6  Plaintiff may not incorporate material from the prior complaint by reference.  If Plaintiff files an
7  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
8  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
9  **amended complaint within thirty days and in accordance with this order will result in a**
10 **finding that further leave to amend would be futile, and this action will be dismissed.**

11      3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
12 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
13 in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
14 Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
15 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

16      4.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
17 informed of any change of address by filing a separate paper with the clerk headed "Notice of
18 Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do
19 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
20 Civil Procedure 41(b).

21      IT IS SO ORDERED.
22 DATED: 6/4/14

                                                  LUCY H. KOH
23                                                   United States District Judge

24
25
26
27
28